PEOPLE ex rel. MARA v. WALDO, Police Com'r.

(Supreme Court, Appellate Division, Second Department. December 24, 1914.)

EVIDENCE (§ 574*)—OPINION OF EXPERT—HANDWRITING—WEIGHT.

Evidence of a handwriting expert that the letter was written by relator will not support a finding to that effect against the relator's positive testimony that he knew nothing about it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2400; Dec. Dig. § 574.*]

Certiorari by the People, on the relation of John J. Mara, to review a determination of Rhinelander Waldo, Police Commissioner of New York City, dismissing relator from the police force. Determination annulled, and relator ordered reinstated.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Jacob Rouss, of New York City, for appellant.

Frank Julian Price, of Brooklyn (Thomas F. Magner, of Brooklyn, on the brief), for respondent.

RICH, J. There are four specifications charging a violation of department rules—by writing and mailing an anonymous letter direct to the police commissioner, signed "Patrolman," complaining of the manner in which police matters were conducted in the Thirty-Fifth precinct; in writing such communication upon paper other than the official department stationery; in not signing his full name thereto, and giving his rank and shield number; and in denying that he wrote, caused to be written, or had any knowledge of such letter being written. The only question is whether the evidence sustains the determination of the respondent that the relator wrote the letter.

The only direct evidence tending to show that the letter was written by the relator is the evidence of a handwriting expert. The relator testified that he did not write it, and had no knowledge of its having been written. No reason or motive is disclosed for his writing it, and it appears as a fact that the conditions complained of did not in fact exist. I think the case presented is to be controlled by the decision of this court in People ex rel. Hansen v. Waldo, as Police Commissioner, 163 App. Div. 665, 148 N. Y. Supp. 985.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The writ must therefore be sustained, the determination annulled, and the relator restored to his position, with $50 costs and disbursements.

JENKS, P. J., and BURR and THOMAS, JJ., concur. CARR, J., not voting.